In the Matter of Cornelius J. Collins, an Attorney, Respondent. Bernard J. Wesnofske, Petitioner.

Second Department, March 13, 1972.

*Bernard J. Wesnofske,* petitioner in person.

*F. Courts Bouse* (*Richard B. Schwartz* of counsel), for respondent.

*Per Curiam.* The respondent was admitted to practice by this court on June 30, 1943. In this proceeding to discipline him for professional misconduct, the petitioner moves to confirm the report of the Justice of the Supreme Court to whom the matter had been referred for hearing and report; and the respondent cross-moves to reject the report, make new findings and dismiss the petition.

The petition sets forth four charges of professional misconduct with respect to clients of another attorney, James P. Edstrom, with whom, it is conceded, the respondent had only a " loose connection ", involving the respondent's participation on a " piecework basis " which averaged from $25 to $100 per week, plus the use of office space and telephone and secretarial service, as well as payment of the respondent's home rent.*

In substance, it was found in the report that the respondent had assisted Edstrom in charging a client of the latter unnecessary and excessive fees in connection with the " merely routine " collection of the proceeds of a certain insurance policy covering the life of her late husband and in connection with the handling of the latter's estate, which amounted to only a few hundred dollars, exclusive of a $7,200 pension check and the insurance proceeds which should not have been considered as an estate asset. In addition, it was found that, in connection with a proceeding to probate the husband's will, the respondent had committed wrongful, improper and erroneous acts, including the deliberate omission from the petition of the existence of the testator's infant son and the subsequent failure to effect such probate, thereby requiring the legal services and additional expense of another attorney. Finally, it was found that the respondent had assisted Edstrom " in manipulating Edstrom's trust account to the detriment of certain [other] clients whose funds were deposited in said trust account " and in commingling

---

* Upon Edstrom's conviction of the unrelated crimes of conspiracy and attempted extortion in the Supreme Court, New York County, he was disbarred by order of this court, dated June 28, 1971 (*Matter of Edstrom,* 37 A D 2d 625), by virtue of subdivision 4 of section 90 of the Judiciary Law. Accordingly, the instant proceeding was discontinued as against him, and the original title thereof amended.

these funds with Edstrom's personal funds. However, in a stated "conclusion", the reporting Justice found, as one of the "mitigating elements", that no evidence had been adduced to show that any part of the funds which formed the basis of any of the charges directly accrued to the respondent, except insofar as he may have been compensated as a result of his association with Edstrom.

In our opinion, the evidence supports the findings in the report. Accordingly, the petitioner's motion to confirm the report is granted; the respondent's cross motion is denied; and the charges are found to have been sustained to the extent indicated in the report.

It is clear from the record that the respondent's acts were at Edstrom's direction, with respect to clients of Edstrom, and that the respondent did not personally profit from any of the transactions involved in the charges. Under these circumstances, and in view of the nature of the charges and the respondent's prior unblemished record, we are of the opinion that censure is an appropriate measure of discipline.

RABIN, P. J., HOPKINS, MUNDER, MARTUSCELLO and LATHAM, JJ., concur.

Petitioner's motion granted; cross motion denied; the charges are found to have been sustained to the extent indicated in the report; and respondent is hereby censured for the conduct of which he has been found guilty.